Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 162117 Marilumbe-Sosa-Noceda, et al. v. Jose B. Capo-Rivera, et al. Will counsel for appellants please come up and introduce yourself on the record to begin. Good morning, your honors. For the record, attorney Juan Rodriguez for the appellant, we are ready to proceed. Yes, please get the microphone a little closer so we can hear you better. Are you going to reserve any time for rebuttal? Say it again, sir? Are you going to reserve any time for rebuttal? Yes, your honor. I would like to reserve three minutes. Also, I have a question, if I may. Ask the question then, I'll start. There are two issues, the original appeal plus the PROMESA effect. Do you want, does the court wish me to address both, one first, or how the court want me to address? We're expecting that both get argued, but start on the merits and then you have seven minutes and then you have the rebuttal, so I suggest start on the merits and then use your time, but we'll definitely ask questions about the merits of the matter, so go ahead. By the record, the district court ruled in favor of a motion for summary judgment without taking into consideration all the evidence that was submitted in terms of the malicious prosecutions case, the duties of the law enforcement in preserving the truth and providing false statement in the... Where have you created a genuine issue of material fact as to those false statements? Because we have an order from the state court judge, so you would need to prove that there's an issue of fact as to the falsity of the statements. Just cannot be allegations. Yes, Your Honor. So where do you have the solid evidence that creates that issue? Yes, Your Honor. The case started with Rule 6, which is probable cause. The prosecutor present the case. The defendant was not served, was not notified, was not summoned. That first judge, a municipal judge, ruled dismissing that case because she was never summoned. So... Why does she have to be? I mean, it's a warrant, right? And a warrant, as I understand it, is usually an ex parte proceeding, so the police present their evidence to the magistrate or the judge, and the judge issued a search warrant or an arrest warrant based on probable cause. I understand that was later overturned, but when the arrest and the prosecution begins, there is a warrant. It wasn't. Under Puerto Rico state law, in order to ask for the warrant, they have to present the case. And the case was not presenting probable cause, because the defendant was never summoned. That's not an issue. The first time there's no probable cause, then they come again, and then they get probable cause. Correct. So once they have that, where is the malicious prosecution there? The prosecutor has to, the police officer has to go to the prosecutor to get a ballot, a permission, under oath, to present the case again. That's the way in Puerto Rico. And in order to get that warrant or that permission to present the case before the judge again in probable cause, they have to submit a statement, and the evidence that has to be presented to the prosecutor has to at least sustain, in some way, that something wrong was, that was a criminal act. And that wasn't the case. Is that a proceeding after? Sorry. Go ahead. Go ahead. We understand you disagree with the state court judge's decision to issue the warrant, and perhaps even the application was procedurally irregular. But at least as I understand the law, you need to show that one of your defendants misled the judge who found probable cause. To go back to Judge Helpe's original question, where is there evidence in this record that one of the named defendants misled that judge? It's in the record, the transcript of the judge, of the second presiding judge, that he specifically asked the prosecutor, did the person was someone? She turned around that prosecutor, she was not the leading prosecutor, to the other prosecutor, the one who presented the first case, that was the one who was supposed to present the second one. She said, when an attorney make a presentation to the court, it's considered that it's a valid, he, yes, he was summoned. He was served, and she knew about the hearing. And we got the police officer who served and informed that defendant in court, in other hall, and he will be here testifying to certify that he served the defendant. And I break this down so I understand it. There's an original request for a warrant, correct?  There's never a warrant issued? No. How is the person arrested in Texas if there's no warrant? Well, let me correct myself. So is there a warrant for the arrest in Texas? Let me correct myself. It wasn't a court warrant, it was a prosecutor's citation. The Puerto Rico prosecutors can serve and request a defendant to go to court. Your position is no judge was seen at all until this person was arrested and held in  The only time the judge was seen was after that? Let me clarify. The second judge, after hearing from the prosecutor that the person was served and she refused to appear, he issued a warrant. But based on that statement from the police officer and the prosecutor, the statement that first, a crime was committed, second, that the defendant failed to appear in several, they make that clear, several hearings, custody, child support, and everything, and that she But that did happen. She didn't show up to the custody hearings, to the civil hearings. She never showed up. She was never served. Actually, the custody case was promoted after she already left the jurisdiction. And actually, he never had the custody. This is a baby, three years old, that was birthed out of wedlock. Her mom took a case to the court just to make him, get him her birth certificate under both names and request child support. He never paid child support. He never had any type of interaction with the kid for the three, later four years. And she was never served or notified of any of the hearings, and they knew it. The prosecutor never interviewed the father. The police officer never interviewed the father. So at least the prosecutor has to do a minimum investigation or interview of any of the victims. Where do you have that, that creates degeneration of material fact? Because you're telling us that. But is there a deposition? Yes, Your Honor. In the prosecution? We took it. Where exactly, if you could point out? At bucket 61, in our response to, let me get the appendix. We deposed, we got a transcript of the hearing, and the judge specifically asked the prosecutor, was this person served? Was this person notified? Was this person know about this case? Did the person know about it? And the prosecutor answered in the affirmative. We announced that judge as our, I will try to consume the other three minutes. You want to use your minutes now? Yes. Okay, so then no rebuttal, continue using them. And besides that, we interviewed the judge, but we have the transcript. We deposed the prosecutor. She said, under oath, in her deposition, I never interview the victim. I never verify that she was served. We deposed the police officer, and he said, I never served, I never found the accused. And by the way, I informed the prosecutor that she was never found. Counsel, do- And those transcripts were submitted to the court. Do we have the transcripts from the state court in English? Yes, your honor. Thank you. At the beginning, we didn't, but we then extended it. By the time the rule 56 was adjudicated, it was already in the record. And it's in docket. Let me show you real quick. I believe it's 61. Let me check real quick. Okay, and if you can't find it now- I guess it's 19, the appendix. But it's all in the appendix, and it was in the docket of the court. You have about a minute and a half left. If you want to touch the PROMESA issue briefly, please go ahead. Yes, your honor. In that case, the court have to, any court, any district court, or even a private court, has to take into consideration the bankruptcy court ruling. Last week, a member of the board submitted a decision from judge, the presiding judge of the bankruptcy case, Cory Promesa, certifying, establishing that PROMESA does not cover personal liability of public officers, it's included, so I defer to that one. So it was basically my same argument. So- You filed a proof of claim in the bankruptcy court. Yes, your honor. Which was disallowed. What significance does that have at this point? Because we are not, this case start with both. This case I filed against the defendants in the personal capacity under violation of law, civil rights violation, but also against the Commonwealth of Puerto Rico. The Commonwealth of Puerto Rico was dismissed since 2015. We did not appeal that one, and that proof of claim was against the government of Puerto Rico, which is the only one that is approved under PROMESA. So we don't, like we say, we are just prosecuting the case against the public officers because of civil law violation. Okay, thank you, counsel. Thank you, counsel. Will attorney for Appalease please come up and introduce yourself on the record? Good morning, your honors, and good morning to everybody here. Francisco Gonzalez Magas, representing Appalease in the case at bar. You may proceed. Now, your honor, I think there are, there may be some confusion as to the facts of the case. And I think I better start by trying to clear those up. In this case, there were three hearings that were held regarding probable cause against the appellant, Besosa. Now, the track, the whole history of the case is that Besosa and Santiago had a baby. Santiago was identified as the father of the baby, and as such, Puerto Rico law recognizes certain rights to both parents, even if there is no custody arrangement. Besosa had an opportunity to move to Texas. She moved to Texas. She asked for permission to take their daughter with her. Santiago denied her that permission, and she moved with the daughter anyway. Now, she was supposed to move there, and this was admitted by the appellant doing her depositions that she was supposed to move there, or their arrangement. The agreement that she had with Santiago was that she was going to move on May 15th. She moved a month before. Now, Santiago made efforts to start custody proceedings, and during the first hearing of the custody proceedings, he was informed that Besosa had already moved to Texas, and that she was out of the jurisdiction, and that she had taken their daughter with him. On that same day, Besosa, along with his attorney, contacted the police, Agent Rivera, who is a co-defendant in this case, to file a grievance against Besosa for kidnapping and taking their daughter out of the jurisdiction. Rivera took Santiago and his attorney over to Prosecutor Santana, I believe her name is, also a co-defendant. Santana interviewed the agent, she interviewed Santiago, she even interviewed Santiago's attorney. Now, she recompiled all of this information, then submitted the case for a hearing for probable cause to issue a warrant of arrest. During that first hearing, probable cause was not found, but Puerto Rico law allows for prosecutors to raise the issue one more time against a different judge, which is what Prosecutor Santana did. It's a higher ranking judge. She's a municipal judge before, and you're allowed to appeal it, and it's really the noble before a superior court judge. Exactly, in front of a higher ranking court, and that's exactly what Prosecutor Santana did. Now, importantly, Santana and Rivera did not participate during that second hearing. Now, this is important because during that second hearing, the judge did find probable cause for a warrant of arrest against Besosa. Santana, neither Santana nor Rivera were there present, so there can be no evidence or nothing submitted before this court that says that they gave the judge during that hearing any false information. How does this work? I mean, I guess I'm not familiar with this procedure. Is an affidavit submitted? It can be submitted by affidavits, and the judge can review the affidavits. I think in this case in particular, the record shows that the judge even asked questions of Santiago, who was the father of the minor. So he actually did ask questions, and Santiago appeared, answered the question, and based on that information, the warrant was issued. This second hearing, before the superior court judge, who was there? There was another prosecutor representing the state, but Santana was not the prosecutor. So there was a prosecutor who was named in this case. Rivera was not there, neither was Santana. The father's there. The father's there. So is there an affidavit of someone? The record shows that the judge asked questions of the witness of Santiago specifically. So he may have submitted affidavits, but the issue here is that Santiago was there, and he testified. Some other prosecutors there give some kind of presentation to this judge. Then the judge has the opportunity to ask the complaining party questions. And this is an ex parte procedure, so there's no... Because it is for a warrant of arrest, the presumed accused is not there, nor is she represented. At the end of that, the judge grants... That's correct. That's correct. And then that warrant is exercised in Texas. She's arrested, and she's sent here to Puerto Rico. There's a third hearing where she appears, because she was under bail. She appears, and on that third hearing for probable cause, the judge issues that there is no grounds for probable cause. But the determining factor here is that there was probable cause for the warrant of arrest. Now, this defeats the claim for malicious persecution in both state law, under both state law and under Section 1983. So on the merits, there is no case. Very similar, what the plaintiff appellant is raising, to a Franks hearing in a criminal complaint when you try to suppress evidence, and there's a probable cause, there's a warrant issued, but the officers lied to the judge somehow. So what you're telling us, there's no genuine issues of material fact anywhere. There is no issue of material fact here. Because at the key moment... Because at that key moment, none of the defendants were present. None of the defendants were present. So they could not have misled the judge in any way. And you don't believe there are statements submitted by them under oath or anything like that? I don't believe so, Your Honor, because from the prosecutor, there couldn't be. The prosecutor has not submitted evidence. What the prosecutor does is submit the case. And from the record, I did not see any specific reference to any affidavit from the police officer. There's no evidence in discovery that prosecutor who's present was misled by the defendant prosecutor or anything like that? In fact, the evidence discovered in the case shows that Prosecutor Santana interviewed, because that's one of the things alleged by the plaintiff, that she didn't conduct any investigation. That's not true. She conducted an investigation. She interviewed the police officer, and she interviewed Santiago, and she interviewed Santiago's attorney. Based on that information that she was given, she proceeded the first time and then the second time in revision. Let's assume that Santana Rivera or any of the prosecutors did maybe a sloppy job, should have consulted, maybe could have called. The woman would have reached her, found a way, bring her back without having to order the arrest. Would the plaintiff still not have a case? Well, the problem here is, Your Honor, as described in the brief, there are no general, there are no issues of material fact raised in their opposition to the summary judgment, because there are lethal or mortal defects in the filings by the plaintiff appellant in this case. There were no translations submitted to the English document, to the Spanish documents that were submitted. And under... You said it's all been translated. Well, it wasn't translated before the district court. It wasn't translated before the district court. When the district court had to address the issue, they had to get... And the district court issues its opinion four months after the opposition to the summary judgment was given. So ample time was given for translations to be submitted, and they weren't. Moreover, a review of the record shows that there really aren't any genuine issues of material fact. The facts as described by me earlier in my presentation are the facts that were discovered during the process. And that is that the plaintiff had a child with Santiago, and she took that child without Santiago's permission to Texas. Now, that is enough to initiate a proceeding. That is enough for probable cause. And, you know, will we like it or not? You know, some other prosecutors said, I'll use my description, I won't do it. But that doesn't, in your view... In our view, Your Honor, that is enough for probable cause to be issued, because the bar of probable cause is very low. All you need is an iota of evidence that supports the claim. Now, that gets more complicated during the process. As we see, the third hearing, no probable cause was found. I'm not sure you want us to say an iota is enough. Well, that's the standard. To put somebody in front of judicial processes. But the problem is that's the standard in Puerto Rico. We're not reviewing the judge. Whether that judge was right, wrong, we're reviewing the conduct of the officer and the prosecutor. And that's what's at issue. And I guess what I... All you're saying is the judge made a decision, right or wrong, that was it. I mean, that's really the bottom line of your case. The prosecutor made a decision as to proceed with the prosecution or not. And she did so by measuring the evidence against the standard. Now, we may not agree with the standard. It may not sound a very attractive standard. But that's the standard under Puerto Rico law. And the judge was given the opportunity to review all of it. And two judges reviewed it. One of them did not find probable cause. The other one did. Who are the defendants who are still in this proceeding before us at this time? Jose Capo, who was the chief prosecutor. There are no allegations against Chief Capo anywhere in the complaint. Any direct... It's not like supervisory liability. There's none. There isn't. Under Section 1983, there is no supervisory liability. And there are no allegations from any direct action by Chief Capo. And who else would be left? Officer Rivera and Agent Rivera and Prosecutor Santana. Those are the other two co-defendants. Originally, there were two additional co-defendants. The Secretary of Justice and... But they were voluntarily dismissed. One final question regarding the PROMESA issue. If we are to rule, we could assume there's jurisdiction and bypass the PROMESA issue. And if we were to find on the merits for your clients, it would be not necessary to reach the PROMESA issue. Would you agree with that? We would... We argued in our position, Your Honor, and our position was reiterated also by the oversight board in the filing they did in this case, is that, yes, this case is entirely enjoined by the PROMESA. Originally, the PROMESA stay and then the permanent injunction with the plan of adjustment and the confirmation. The question that Judge Helpe asked was, do we have to decide that issue to reach the merits if the merits go in your favor? We believe that it is a principal issue, a jurisdictional issue that has to be addressed because if this court finds that there is no jurisdiction, then there's no need to enter into the merits of the case. In other cases, we've had hypothetical jurisdiction and we say, let's assume we have jurisdiction, you still lose on the merits. We could also do that. Do you agree with that? Well, I agree that this honorable court can do it, but I would submit that... Sometimes we can't do it. If it's Article III jurisdiction, we couldn't do it. Do you agree this is not Article III jurisdiction? We believe that this court can do that. We believe that, however, judicial economy dictates that you do not enter into a merits of a case if there is a jurisdictional issue that must be addressed beforehand. Jurisdictional issue is so complex versus something we can resolve easily. I'm not saying we're going to resolve it easily, but okay, thank you very much, counsel. Thank you, counsel. That concludes arguments in this case. Thank you.